

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **CARMA KEAN,** | ) | **Docket No. 2023-06-4955** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NAVION BKE BELLEVUE, LLC,** | ) | **State File No. 21448-2022** |
| **Employer,** | ) | |
| **and** | ) | |
| **AMERICAN ZURICH INSURANCE** | ) | **Judge Joshua Davis Baker** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND ORDERING THE PAYMENT OF FUTURE REASONABLE AND NECESSARY MEDICAL TREATMENT

---

Navion filed a motion for partial summary judgment contending that no genuine issue of material fact exists regarding permanent impairment from Ms. Kean's work-related injury. After a June 3 hearing, the Court grants the motion. Further, because the parties agree her claim is compensable, Navion shall provide continuing reasonable and necessary medical treatment.

### Claim History

Ms. Kean suffered work-related injuries to her knees, right hand, and back after a fall. Navion authorized treatment with Dr. Stuart Smith for her knees, Dr. Ryan Snowden for her back, and Dr. Tyler Staelin for her right hand. After releasing her, each doctor assigned 0% permanent impairment for her work injuries.

In response, Ms. Kean filed a petition disputing the extent of her permanent impairment. Specifically, she disputed Dr. Snowden's rating, claiming he had "assigned an impairment rating of 1% to the body as a whole" rather than zero. After mediation resulted in a dispute certification notice, the Court entered a scheduling order with discovery deadlines.

On April 4, Navion notified Ms. Kean of its intent to use C-32 forms from Drs. Smith and Snowden, then notified her on April 26 of its intent to use Dr. Staelin's C-32. Although the forms had the doctors' signatures, they were copies rather than originals. Ms. Kean objected to the use of the forms but did not depose the doctors or question the forms' authenticity.

Navion filed its motion for summary judgment, and Ms. Kean responded, agreeing as undisputed that Dr. Staelin had not assigned permanent impairment but disputing the two other material facts about impairment:

4. Dr. Smith assigned "a 0% Permanent Partial Impairment rating."
10. Dr. Snowden assigned "a 0% Permanent Partial Impairment rating."

She disputed those because Dr. Smith "stated [the] injury resulted in permanent impairment on original [C-30A, Final Medical Report] in 2022." Similarly, "Dr. Snowden gave a 1% impairment rating on original [C-30A, Final Medical Report]."

Ms. Kean also filed a C-32 signed by chiropractor Dr. Douglas Long on May 15. His statement of qualifications was attached, but the permanent impairment section was left blank.

## Law and Analysis

The statement of undisputed material facts does not address medical and temporary disability benefits, other than to suggest that the parties do not dispute those benefits were sought by the petition and certified as issues in the dispute certification notice. Therefore, the Court interprets Navion's motion as seeking partial summary judgment.

Partial summary judgment is appropriate "where resolving the motion does not require [considering] the credibility of witnesses or [making] compensability determinations." *Oldham v. Freeman Webb Co. Realtors*, 2024 TN Wrk. Comp. App. Bd. LEXIS 8, at *12 (Mar. 6, 2024).

Here, the parties agree Ms. Kean's claim is compensable. Further, the Court does not have to weigh evidence or determine witnesses' credibility, as the only admissible evidence submitted demonstrates Ms. Kean has no permanent impairment from her work injuries.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Navion must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Kean's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of Ms. Kean's claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 488 S.W.3d 235, 264 (Tenn. 2015).

If Navion does either or both, Ms. Kean must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06. If she fails to do so, "summary judgment, if appropriate, shall be entered against [her]." *Id.*

A permanent impairment rating is an essential element of permanent partial disability benefits. Awarding permanent disability benefits "is dependent on the existence of a permanent medical impairment rating." *Baumgardner v. United Parcel Serv., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 63, at *11 (Oct. 18, 2017). Without it, "there is no statutory mechanism by which a trial court can award permanent partial disability benefits." *Id*.

Navion argues summary judgment is appropriate because Ms. Kean incurred no permanent impairment from her work injuries. It supports this undisputed fact by citations to the doctors' C-32s.

Unlike medical records, C-32s are "admissible at any stage of a workers' compensation case in lieu of a deposition[.]" Tenn. Code Ann. § 50-6-235(c)(2). Because depositions are admissible under Rule 56.04, a C-32 is also admissible for summary judgment if the form adheres to statutory requirements. *Sadeekah v. Abdelazeez*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *15, n.6 (June 22, 2021).

Here, Navion complied with the statutory requirements. Namely, it timely notified Ms. Kean of the forms' intended use. While she objected to their use, she did not depose the doctors or request a continuance for that purpose, so her objection is waived. Tenn. Code Ann. § 50-6-235(c)(2). The forms included the required doctors' statements of qualifications and were signed. Although they were copies of the originals, Ms. Kean did not raise "a genuine question . . . as to the authenticity of the original[s][.]," making the reproduced forms admissible. *Id*. at -235(c)(1).

Based on the C-32s, Navion has negated an essential element of Ms. Kean's claim for permanent partial disability benefits by showing she retained no permanent impairment. Therefore, Ms. Kean must respond with specific facts showing a genuine issue for trial. She has expressed a sincerely-held belief that she has permanent impairment, and she filed many medical records and other doctors' forms and documents.

Yet summary judgment is limited by Rule 56 to only "pleadings, depositions, answers to interrogatories, admissions on file, [and] affidavits, if any." Tenn. R. Civ. P. 56.04. "Medical records, standing alone, are not included in that list." *Sadeekah*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13. Moreover, a C-32 is the only form that substitutes for a doctor's deposition. So the Final Medical Reports that Ms. Kean filed, although signed by doctors, are inadmissible evidence for summary judgment.

Further, Dr. Long's C-32 is inadmissible because Ms. Kean did not notify Navion of her intent to use the form "not less than twenty (20) days before the date of intended use" on June 3. Tenn. Code Ann. § 50-6-235(c)(2). Regardless, even if admissible, the form was blank on her permanent impairment.

In Ms. Kean's petition, the stated reason for this claim is a disagreement over her permanent impairment ratings. But Ms. Kean has not produced specific facts in admissible form to show a genuine issue exists concerning permanent impairment or any current need for medical treatment. Her belief is argument not proof. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments).

However, Ms. Kean is entitled to future medical benefits. An employee who suffers a compensable injury is entitled to any reasonable, necessary, and work-related medical treatment. Tenn. Code. Ann. § 50-6-204(a)(1)(A). The Court might later be tasked with determining whether Navion is responsible for further medical treatment for Ms. Kean's compensable injuries. *See Reynolds v. Liberty Mut. Ins. Co.,* No. 02S01-9203-CH-00027, 1992 Tenn. LEXIS 620, at *4-5 (Tenn. Workers' Comp. Panel Oct. 7, 1992) ("If and when application is made for any such future medical expenses, the trial judge will at that time and under the evidence then adduced have to determine whether the employer or its insurance carrier is liable for the payment of such expenses.").

Navion is entitled to summary judgment on permanent disability. Ms. Kean remains entitled to medical benefits in the future, the need for which must be determined at the time they are requested.[1]

**IT IS ORDERED AS FOLLOWS:**

1. Navion is entitled to summary judgment as a matter of law regarding the payment of permanent disability benefits. That claim is dismissed with prejudice.

---

[1] Ms. Kean requested payment of temporary disability benefits and the issue was certified in the dispute certification notice but later agreed she is not entitled to additional temporary disability benefits.

2. Navion shall furnish reasonable, necessary, and work-related future medical benefits under Tennessee Code Annotated section 50-6-204.

3. The Court taxes the $150.00 filing fee to Navion, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) within five days of this order becoming final.

4. Navion shall file Form SD-2 with the clerk within ten business days after this order becomes final.

5. Unless appealed, this Order shall become final 30 days after entry.

**ENTERED June 18, 2024.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claim**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on June 18, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Carma Kean, Employee | | | X | carmaiskean@gmail.com |
| John W. Barringer, Jr., Employer's Attorney | | | X | jbarringer@manierherod.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*